IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KWOK SZE, | : | CIVIL ACTION NO. **1:CV-12-0619** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PUI-LING PANG a/k/a | : | |
| | : | |
| SHERRY PANG | : | |
| | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On April 4, 2012, Plaintiff, Kwok Sze, currently an inmate at the Franklin Correctional Facility, Malone, New York ("FCF"), filed, *pro se*, a civil rights action with this Court, pursuant to 42 U.S.C. § 1983. (Doc. 1).[1] Plaintiff raises Fourth Amendment claims alleging that the sole Defendant, Piu-Ling Pang, a/k/a Sherry Pang, unlawfully recorded him on March 30, 2009 and March 31, 2009, while he was using his telephone in his private office in Pennsylvania. Plaintiff states that Defendant Pang resides at 60 Shingle House Road, Millwood, New York. Plaintiff also

[1]Plaintiff Sze dated his Complaint on March 25, 2012, and he stated that due to the statute of limitations, he was paying the filing fee for this case from his inmate account. (Doc. 1, pp. 4 & 5). Thus, under the prison mailbox, we deem Plaintiff's Complaint as being filed on March 25, 2012. *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011); *Truxal v. District Attorney of Westmoreland County*, 2010 WL 411766, *6, n. 3 (E.D. Pa. 1-28-10). However, as discussed below, the applicable statute of limitations in a §1983 civil rights action in Pennsylvania is two years, not three years, and Plaintiff's claims arose on March 30, 2009 and March 31, 2009. Thus, Plaintiff's action is time barred. *See Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989); *Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985); *Metso Paper USA, Inc., v Bostik, Inc.,* 2011 WL 2670320, * 3 (M.D. Pa. 7-8-11).

states that Defendant Pang's alleged conduct violated the Pennsylvania Constitution as well as Pennsylvania law, namely, 18 Pa.C.S. §§ 5703-5704. Plaintiff avers that Defendant Pang violated his constitutional rights while she was acting in concert with New Castle Police as an operative under color of state law and under ordinances of Westchester County, to deprive him of his right to privacy. (*Id*., p. 3).

Thus, we construe Plaintiff as raising a conspiracy claim against Defendant Pang under 42 U.S.C. §1985(3). It is not clear if Plaintiff is referring to New Castle, Pennsylvania, which is in Lawrence County, Pennsylvania, and located in the Western District of Pennsylvania, or if he is referring to New Castle, New York which in is Westchester, New York. However, since Plaintiff alleges that he was a Pennsylvania resident working in his private office in Pennsylvania and using his office telephone when Defendant Pang unlawfully recorded him on March 30, 2009 and March 31, 2009, it appears that Plaintiff is referring to New Castle, Pennsylvania. Also, New Castle Police Department is in Lawrence County, Pennsylvania. Regardless of where Plaintiff's claims accrued, it is clear that they did not arise in the Middle District of Pennsylvania and no party was located in the Middle District of Pennsylvania during the relevant times of this case, *i.e*. March 30, 2009 and March 31, 2009. Thus, we find that venue is not proper in the Middle District of Pennsylvania.

As relief, Plaintiff requests compensatory damages, punitive damages and nominal damages. (*Id*., p. 4).

Plaintiff also filed an *in forma pauperis* Motion on April 11, 2012. (Doc. 4). However, on April 13, 2012, as noted above, Plaintiff paid the filing fee in full. (Doc. 5). Thus, we shall recommend that Plaintiff's *in forma pauperis* Motion (Doc. 4) be denied as moot.

To date, Plaintiff's Complaint has not been served on Defendant Pang. We now screen Plaintiff's pleading (Doc. 1) as we are obliged to do. We shall recommend that Plaintiff's Complaint (Doc. 1) be dismissed with prejudice.[2]

**II. PLRA.**

As stated, Plaintiff Sze , an inmate at FCF, paid the full filing fee. Notwithstanding Plaintiff's payment of the filing fee, the Prison Litigation Reform Act of 1995 (the "PLRA")[3] obligates the Court to engage in a screening process. *See Vega v. Kyler*, C.A. No. 03-1936 (3d Cir.2004) 2004 WL 229073 (Non-precedential) (if prisoner pays filing fee, civil rights complaint is subject to review under 28 U.S.C. § 1915(A)(b) and not 28 U.S.C. § 1915(e)(2)(B)). *See also Vieux v. Smith*, 2007 WL 1650579 (M.D. Pa.); *Hart v. Whalen*, 2008 WL 4107651, (M.D. Pa.).

Section 1915A provides:

> **(a) Screening**.- The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> > **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > **(2)** seeks monetary relief against a defendant who is immune from such relief.

[2]The undersigned has been assigned this case for pre-trial matters.

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

A Complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**III. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[4] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's

---

[4]Plaintiff does not allege in his pleading that Defendant Pang was a state actor but he alleges that Defendant acted in concert with New Castle Police to deprive him of his constitutional rights.

claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.") citing *Rode, supra*.

The Court uses the same standard of review to screen a Complaint under the PLRA as a Rule 12(b)(6) motion. *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 110 (3d Cir. 2002); *Sharpe v. Costello*, 2007 WL 1098964, *3 (M.D. Pa. 2007); *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.).

**IV. Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,*

> 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009).

**V. Discussion.**

Initially, we find that Plaintiff's Complaint is in violation of Rule 8. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that,

although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.”).

As stated, Plaintiff has not name any state actor or state agency as a Defendant. Plaintiff alleges that his constitutional rights under Fourth Amendment and Fourteenth Amendment were violated by Defendant Pang, who was acting in concert with New Castle Police, when she unlawfully recorded him on his telephone on March 30, 2009 and on March 31, 2009, in his private office in Pennsylvania. Plaintiff avers that Defendant Pang, acting in concert with the police, “knowingly, deliberately and spitefully recorded the Plaintiff without ‘prior consent,’ by not signing consent, [and] without Plaintiff ‘s consent” and in violation of Pennsylvania law. (Doc. 1, p. 3). Plaintiff also avers that the conduct of Defendant Pang violated his rights under the Pennsylvania Constitution.

In *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *6 (M.D. Pa.), the Court stated:

> Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors. *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir.1996). To establish a claim under this section, the plaintiff must show a deprivation of a “right secured by the Constitution and the laws of the United States ... by a person acting under color of state law.” *Id.* (quoting *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir. 1995))

*See Pitchfork v. Bor. of Munhall*, 631 F.Supp.2d 636, 651-52 (W.D. Pa. 2007); *Holmes v. Dreyer*, 2010 WL 3791360, *2 (E.D. Pa. 9-28-10); *Brookhart v. Rohr*, 385 Fed. Appx. 67, 69 (3d Cir. 2010)(Per Curiam).

We do not find that Plaintiff has stated a cognizable claim against Defendant under §1985(3). Plaintiff alleges that Defendant Pang, a private citizen acted in concert with state officials

to illegally record him on his telephone. As stated, we construe Plaintiff as basing his conspiracy claim under §1985(3).

In *Brookhart*, 385 Fed. Appx. at 69, the Third Circuit stated:

> To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Here, the majority of the defendants are private citizens and not state actors. Liability would attach if a private party conspired with a state actor, *Dennis v. Sparks,* 449 U.S. 24, 27-28, 101 S.Ct. 183, 66 L.Ed.2d 185, ... .

The *Brookhart* Court also stated:

> Section 1985(3) of title 42 requires a plaintiff to allege that invidious racial or otherwise class-based discriminatory animus lay behind the defendants' actions, and he must set forth facts from which a conspiratorial agreement between the defendants can be inferred. *See Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267-68, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). Brookhart did not allege that he was a member of a protected class, and his conclusory allegations of a deprivation of his constitutional rights are insufficient to state a section 1985(3) claim.

385 Fed. Appx. at 70.

In *Roach v. Marrow*, 2009 WL 3103781, *5 (M.D. Pa. 9-24-09), the Court stated:

> The requirements for establishing a cause of action under 42 U.S.C. § 1985(3) are set forth in a line of Supreme Court cases beginning with the decision in *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). There, the Supreme Court clarified that the reach of section 1985(3) is limited to private conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus." *Id.* at 102, 91 S.Ct. at 1798. The Court strictly construed the requirement of class-based invidious animus in *United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott,* 436 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), finding that commercial and economic animus could not form the basis for a section 1985(3) claim.

> *Lake v. Arnold,* 112 F.3d 682, 685 (3d Cir.1997). Consistent with these decisions, a plaintiff must allege the following elements in order to state a claim pursuant to 42 U.S.C. § 1985(3):
>
> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

Thus, "it is not enough that a Plaintiff falls within a class entitled to sue under §1985(3). Instead, the complaint must allege that Defendants have engaged in invidious discrimination against the protected class and that the invidious discrimination has caused the Plaintiff injury." *Roach v. Marrow*, 2009 WL 3103781, *6 citing *Majewski v. Luzerne County*, 2007 WL 1074769 (M.D. Pa. 4-9-07); *Goodson v. Maggi*, 2010 WL 1006901, *6("[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a §1985(3) claim.")(citation omitted); *Patterson v. City of Philadelphia*, 2009 WL 1259968, *4 (E.D. Pa. 5-1-09)("Animus against an individual is not sufficient; animus must be class-based.")(citations omitted).

Plaintiff appears to raise a claim under §1985 (Doc. 1, p. 3) with no subsection stated. We have construed him as raising a conspiracy claim against Defendant Pang under §1985(3). Plaintiff does not state that he falls within a class entitled to protection afforded by §1985(3). Further, Plaintiff does not state that the alleged conspiracy "was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." *Farber v. City of Patterson*, 440 F. 3d 131, 135 (3d Cir. 2006). Rather, Plaintiff avers that the conspiracy was motivated by Defendant Pang's spitefulness to deprive him of his Fourth Amendment right

protecting him from unreasonable searches and seizures. Plaintiff has not alleged any facts that his nationality caused Defendant Pang to enter into an agreement with state officials of the New Castle Police to deprive him of his constitutional rights. Plaintiff only states that he was a Pennsylvania resident at the time in question in March 2009. Thus, Plaintiff fails to set forth facts from which a conspiratorial agreement between Defendant Pang and state officials of the New Castle Police can be inferred.

Thus, we will recommend that Plaintiff's constitutional claims against Defendant Pang under §1985(3) be dismissed with prejudice. *See Goodson v. Maggi*, 2010 WL 1006901, *6; *Patterson v. City of Philadelphia*, 2009 WL 1259968, *4. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Based upon the above and based on the expiration of Plaintiff's statute of limitation with respect to his constitutional claims, we find that the Court should not allow Plaintiff to amend his Complaint with respect to his claims against Defendant Pang, and we find that there is futility if Plaintiff is allowed to amend his stated claims. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111.

As noted, there is a 2-year statute of limitations with respect to a §1983 civil rights action in Pennsylvania. The law is clear that §1983 claims are subject to a two-year statute of limitations. See *Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989); *Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985); *Martin v. Red Lion Police Dept.*, Civil No. 00-16122, M.D. Pa.

(October 26, 2004 Memorandum), pp. 5-6; *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *8 (M.D. Pa.). Further, under Pennsylvania's discovery rule, the statute of limitations begins to run when the Plaintiff has discovered his injury or, in the exercise of reasonable diligence, should have discovered his injury. *Doe v. Kohn, Nast & Graf, P.C.*, 866 F. Supp. 190 (E.D. Pa. 1994); *Beattie, supra*. It is abundantly clear in the present case, and readily apparent from Plaintiff's Complaint, that he discovered, or should have discovered, all of his March 30, 2009 and March 31, 2009 constitutional claims, at the time they arose. Further, Plaintiff does not assert any basis to toll the statute of limitations with respect to his March 2009 claims.[5]

We find that, in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's stated constitutional claims since his allegations make clear that these claims are all time barred by the applicable two-year statute of limitations. *See McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10); *Robinson v. Varano*, Civil No. 10-2131, M.D. Pa. (January 25, 2011 Order)(in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's action since his allegations make clear that Plaintiff did not exhaust his administrative remedies even though exhaustion is an affirmative defense); *Barnett v. York County*, Civil No. 11-906, M.D. Pa.(in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's untimely civil right claims since his allegations make clear that Plaintiff did not file claims within 2-year statute of limitations).

[5]We note that the continuing violation doctrine does not apply to Plaintiff's March 2009 claims since it has no applicability to discrete acts or single occurrences. *See Beattie*, 2009 WL 533051, * 8, n. 9 (citations omitted).

In *McPherson v. U.S.*, 2010 WL 3446879, *3-*4, the Third Circuit stated:

> Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. *See, e.g., Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Nasim v. Warden, Maryland House of Corr.,* 64 F.3d 951, 956 (4th Cir.1995) (en banc); *Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir.1995).FN4 We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

*See Robinson v. Varano,* Civil No. 10-2131, M.D. Pa.

Further, Plaintiff has no right to money damages under the PA Constitution. As stated, Plaintiff alleges that the conduct of Defendant Pang in unlawfully recording him when he was on his telephone violated his rights under the PA Constitution and he seeks money damages against Defendant. Insofar as Plaintiff is attempting to raise claims under the Pennsylvania Constitution for damages, we shall recommend that they be dismissed with prejudice.

In *Bowers v. City of Phila*., 2008 WL 5210256, *8 (E. D. Pa.), the Court stated:

> "To date, neither Pennsylvania statutory a authority nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution." *Dillon v. Homeowner's Select*, 957 A.2d 772, 780 n. 11 (Pa. Super. Ct. 2008) (*quoting Jones v. City of Phila*., 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006), *appeal denied*, 589 Pa. 741, 909 A.2d 1291 (Pa. 2006)). Accordingly, we agree with Defendants' undisputed assertion that Plaintiff's claims for damages under the Pennsylvania Constitution fail as a matter of law. *See Stockham Interests, LLC v. Borough of Morrisville*, No. 08-3431, 2008 WL 4889023, at * 10 (E.D. Pa. Nov. 12, 2008) (holding that "there is no private cause of action for damages arising from violations of the Pennsylvania Constitution," and granting defendant's request "to deny any monetary relief arising out of

violations of the Pennsylvania Constitution," and granting defendant's request "to deny any monetary relief arising out of violations of the Pennsylvania Constitution") (citations omitted); *Alvarez v. City of Phila.*, No. 07-0493, 2008 WL 4347529, at * 13 (E.D. Pa. Sept. 23, 2008) (granting summary judgment in favor of defendant since "Pennsylvania does not recognize a private right of action for monetary damages for violation fo the Pennsylvania Constitution"); *Douris v. Schweiker*, 229 F.Supp.2d 391, 405 (E.D. Pa. 2002) (explaining that although Pennsylvania courts have not yet addressed the issue, federal courts have consistently held that no private cause of action for damages is available under the Pennsylvania Constitution); *Kelleher v. City of Reading*, No. 01-3386, 2001 WL 1132401, at * 3 (E.D. Pa. Sept. 24, 2001) (noting that "the federal courts in this Circuit . . . have concluded that there is no such private cause of action for damages under the Pennsylvania Constitution," and citing cases); *Pendrell v. Chatham Coll.*, 386 F. Supp. 341, 344 (W.D. Pa. 1974) (rejecting Pennsylvania constitutional claim for damages and noting that plaintiff could cite no authority that implies such a cause of action).

Thus, all claims for damages that Plaintiff is making under the Pennsylvania Constitution should be dismissed as a matter of law. *See Moeller v. Bradford Co.*, 444 F. Supp. 2d 316, 327 and note 13 (M.D. Pa.)("Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983, which provides a private right of action for a federal constitutional violation.")(citations omitted).

Finally, we find that venue of Plaintiff's action is not proper in the Middle District of Pennsylvania. As stated, the alleged unconstitutional conduct did not occur in the Middle District of Pennsylvania and the parties were not located in the Middle District of Pennsylvania during the relevant times of this case. In fact, the Middle District of Pennsylvania has no connection whatsoever with Plaintiff's claims. Rather, it appears that Plaintiff's claims arose in the Western District of Pennsylvania when Plaintiff was working in his private office and, that both Plaintiff and Defendant were located in the Western District during the relevant times. Thus, in the alternative to dismissal of Plaintiff's case as against Defendant Pang, we will recommend that the Court

transfer Petitioner's case with respect to his claims against Defendant Pang to the Western District of Pennsylvania since this is the more convenient forum pursuant to 28 U.S.C. §1404(a).

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a). Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*See also Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3; *Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10 Memorandum.

In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:

> It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Hoffman v. Blaski,* 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:

> "the purpose of [§ 1404(a) ] is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal quotations omitted). Although the court has discretion to transfer venue, "a motion to transfer is not to be liberally granted."

*Measurement Specialties, Inc. v. Stayhealthy.com,* 275 F. Supp.2d 638, 640 (E.D. Pa. 2003)."

The *Brown* Court stated that courts generally consider the following factors in deciding whether to transfer a case to another district:

> (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (4) (sic) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum; (6) the enforceability of the judgment; (7) practical considerations that could make the trial easy, expeditious, or inexpensive; (8) the relative court congestion in the competing courts; (9) the local interest in deciding local controversies at home; (10) the public policies of the fora; (11) and the familiarity of the trial judge with the applicable state law.

*Id*. at *2(citation omitted); *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995).[6]

We find that, based on the above analysis of the relevant factors as they pertain to Plaintiff's claims against Defendant Pang in the instant case, they weigh in favor of transferring Plaintiff' s case to the District Court for the Western District of Pennsylvania. Significantly, as stated, none of the alleged conduct giving rise to Petitioner's claims against Defendant Pang occurred in the Middle District of Pennsylvania and the parties were not located in the Middle District of Pennsylvania. *See Paul Green Sch. of Rock Music Franchising, LLC v. Rock Nation*, 2009 WL 129740 (E.D. Pa.). Thus, none of the parties, none of the witnesses, and none of the records regarding Plaintiff's claims are located in the Middle District of Pennsylvania. Also, all of the pertinent events complained of occurred in the Western District of Pennsylvania, and the records

[6] The quote from *Brown* contained two factors number (4).

and documents regarding Plaintiff 's claims against Defendant Pang should be in the Western District of Pennsylvania.

Therefore, in the alternative to dismissal of this case, we find that, for the convenience of the parties, Plaintiff's case as against Defendant Pang should be transferred to the District Court for the Western District of Pennsylvania, the proper forum. *See Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3 citing *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St. Riel*, 495 F. 3d 72 (3d Cir. 2007).

**VI. Recommendation.**

Based on the above, it is respectfully recommended that the Court dismiss Plaintiff's Complaint with prejudice.[7] **(Doc. 1).** It is also recommended that the Court deny as moot Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. **(Doc. 4)**.

---

[7]Notwithstanding Plaintiff Sze's *pro se* status, we do not recommend that he be permitted leave to file an amended Complaint regarding any of his constitutional claims against Defendant Pang since we find that, based on well-settled case law, he fails to state any such claims and that he is time barred. Thus, we find futility of any amendment of these claims, and we shall not recommend Plaintiff be granted leave to amend his action with respect to his stated claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004).

In the alternative, it is recommended that, for the convenience of the parties and in the interests of justice, Plaintiff's case as against Defendant Pang be transferred to the District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1404(a).

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 25, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KWOK SZE, | : | CIVIL ACTION NO. **1:CV-12-0619** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PUI-LING PANG a/k/a | : | |
| | : | |
| SHERRY PANG | : | |
| | : | |
| Defendant | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 25, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 25, 2012**