IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KWOK SZE, | : | |
|     Plaintiff | : | 1:12-cv-619 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| PUI-LING PANG, et al., | : | (Magistrate Judge Blewitt) |
|     Defendant | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This Section 1983 action arises from allegations that on March 30, 2009, and March 31, 2009, Plaintiff Kwok Sze was recorded by Defendants without his prior consent. (Doc. No. 1.) Currently pending before the Court is Magistrate Judge Blewitt's Report and Recommendation that this matter be dismissed with prejudice pursuant to the screening provisions of the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915A. (Doc. No. 6.) Among other reasons, Magistrate Judge Blewitt found that Plaintiff's claims are barred by the two-year statute of limitations applied to Section 1983 claims arising in Pennsylvania.[1] See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78-79 (3d Cir. 1989). Plaintiff objects that the statute of limitations should be tolled because he was not informed until November 15, 2011, that he had not provided

---

[1] The Court notes that although his complaint is less than clear, Plaintiff has filed documents subsequent to Magistrate Judge Blewitt issuing his Report and Recommendation that indicates that various police officers in New Castle, New York are implicated in this action. Of course, if this action were filed in New York, a three-year statute of limitations would apply to this action. See Shomo v. City of N.Y., 579 F.3d 176, 181 (2d Cir. 2009). Plaintiff is adamant, however, that "the situs of the report[ed] acts, inactions, and omissions, is located in Dunmore, Pa." (Doc. No. 10 ¶ 7.) Accordingly, in light of Plaintiff's representations that all relevant activity related to his claims took place in Pennsylvania, Pennsylvania's statute of limitations will apply.

his prior written consent to the recording.  Because Plaintiff surely had knowledge of whether he himself had consented to a recording, the Court finds that this is not a basis to toll the statute of limitations.

**ACCORDINGLY**, on this 7th day of June 2012, **IT IS HEREBY ORDERED THAT** the Report and Recommendation (Doc. No. 6) is **ADOPTED**, the motion to proceed in forma pauperis (Doc. No. 4) is **DENIED AS MOOT**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.  The Clerk of Court is directed to close the case.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania