**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KWOK SZE, | : | |
| Plaintiff | : | No. 1:12-cv-00619 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| PUI-LING PANG, et al., | : | (Magistrate Judge Blewitt) |
| Defendants | : | |

**MEMORANDUM**

Pending before the Court is Magistrate Judge Blewitt's Report and Recommendation

(Doc. No. 20) and Plaintiff's objections thereto (Doc. No. 27).  For the reasons that follow, the

Court will adopt Magistrate Judge Blewitt's Report and Recommendation in part.

**I.    BACKGROUND[1]**

On April 4, 2012, Plaintiff Kwok Sze, proceeding pro se, filed a civil rights complaint in

this Court, alleging that Defendant Pui-Ling Pang, acting in concert with the New Castle Police

Department, recorded Plaintiff's telephone conversations in late March 2009 without Plaintiff's

consent.  (Doc. No. 1.)  In his original complaint, Plaintiff asserted that Defendant Pang violated

his Fourth Amendment right to privacy under both the United States and Pennsylvania

constitutions, and also violated Pennsylvania's wiretapping law, 18 Pa. C.S. §§ 5703-5704.  (Id.

¶ 1.)  On April 25, 2012, Magistrate Judge Blewitt issued a Report and Recommendation,

recommending that the Court dismiss Plaintiff's complaint against Defendant Pang with

prejudice; or, in the alternative, that the Court transfer the case to the Western District of

---

[1] The following background is taken from the allegations of Plaintiff's complaint.

1

Pennsylvania.[2]  (Doc. No. 6.)  Magistrate Judge Blewitt further recommended that the Court

should not permit Plaintiff leave to amend his complaint, because his claims against Defendant

Pang were time-barred and therefore amendment would be futile.  (Id. at 16 n.7.)  Plaintiff

subsequently filed objections to the Report and Recommendation, and also filed an amended

complaint.  (Doc. Nos. 9, 10.)

      On June 7, 2012, the Court adopted Magistrate Judge Blewitt's Report and

Recommendation, and dismissed Plaintiff's complaint with prejudice.  (Doc. Nos. 6, 11.)

Plaintiff timely appealed the Court's order of dismissal to the United States Court of Appeals for

the Third Circuit.  (Doc. No. 13.)  On July 9, 2013, the Third Circuit vacated this Court's

dismissal order.  Sze v. Pui-Ling Pang, et al., No. 12-2846, 2013 WL 3481695 (3d Cir. July 9,

2013).  In so doing, the Court reasoned that because Plaintiff had asserted he had not learned

until November 15, 2011, that none of the parties had consented to record his telephone

conversations, Plainitff would likely be entitled to have the statute of limitations tolled.  (Doc.

No. 18-2 at 4.)  Because such a determination would entail fact-finding, the Third Circuit

remanded the action to the undersigned for further proceedings.  (Id.)  On August 14, 2013, the

Court referred the action to Magistrate Judge Blewitt for pretrial management.  (Doc. No. 19.)

      On August 19, 2013, Magistrate Judge Blewitt issued a Report and Recommendation,

wherein he recommended that the Court dismiss the following claims with prejudice: Plaintiff's

claims against the state actor defendants in their official capacities, Plaintiff's request for

declaratory relief, and Plaintiff's claim for monetary damages under the Pennsylvania

---

[2] Plaintiff's first complaint named officers of the New Castle Police Department.
Believing that Plaintiff was referencing New Castle, Pennsylvania, Magistrate Judge Blewitt
recommended transfer to the Western District of Pennsylvania.

Constitution.  (Doc. No. 20 at 19.)  Magistrate Judge Blewitt also recommended that the Court

transfer the action to the United States District Court for the Southern District of New York.

(Id.)  Plaintiff subsequently moved the Court for an extension of time to file objections, which

the Court granted on September 25, 2013.  (Doc. Nos. 23, 24.)  On November 26, 2013,

Plaintiffs filed his objections to the Report and Recommendation.  (Doc. No. 27.)  The matter is

now ripe for disposition.[3]

## II.    DISCUSSION

### A.    New Castle Police Department Officers Corado, Wilson, Vargas– official capacity

Plaintiff seeks monetary damages from Defendants Corado, Wilson, and Vargas, both

individually and in their official capacity as New Castle Police Officers.  Magistrate Judge

Blewitt recommends that the Court dismiss Plaintiff's official capacity claims against

Defendants Corado, Wilson, and Vargas with prejudice because Plaintiff may not seek monetary

damages against state actors when sued in their official capacities.  (Doc. No. 20 at 12 n.7.)

Plaintiff objects on the grounds that Defendants Corado, Wilson, and Vargas are municipal

officers rather than state actors, and therefore not protected by the heightened immunity of the

Eleventh Amendment.  (Doc. No. 27 at 5.)

---

[3] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed finding and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which specific objections are made.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

Absent waiver by the State or valid congressional override, the Eleventh Amendment bars an action for damages against a state in federal court. Ford Motor Co. v. Dep't of Treasury of Indiana, 323 U.S. 459, 464 (1945). This bar remains in effect when state officials are sued for damages in their official capacity. Cory v. White, 457 U.S. 85, 90 (1982). Thus, a plaintiff may sue a state actor only in her individual or personal capacity. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). By contrast, a plaintiff may sue a municipal employee in his official capacity for monetary damages under Section 1983, although such a claim lies in essence against the municipality. Kentucky v. Graham, 473 U.S. 159, 166 (1985)[4]; Figueroa v. City of Camden, 580 F. Supp. 2d 390, 399 (D.N.J. 2008) ("Defendant . . . is not protected by Eleventh Amendment immunity inasmuch as he is sued in his capacity as a municipal employee.").

In the Report and Recommendation, Magistrate Judge Blewitt assumes that Defendants Corado, Wilson, and Vargas are state employees, and therefore Plaintiff's claims for monetary damages against them must be dismissed. (Doc. No. 20 at 12 n.7.) Plaintiff urges that Defendants Corado, Wilson, and Vargas are municipal employees, and therefore the Eleventh Amendment does not bar his claims for money damages. The Court finds that it is unclear at this juncture whether these defendants are employed by the municipality of New Castle, New York, or by the State of New York. Because the legal analysis of Plaintiff's claims depends on whether they are state actors or municipal employees, the Court will decline to adopt Magistrate Judge Blewitt's recommendation that the Court dismiss Plaintiff's claims for money damages

---

[4] "Thus, while an award of damages against an official in his personal capacity can be executed only against the official personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." Graham, 473 U.S. at 165.

against Defendants Corado, Wilson, and Vargas in their official capacities on the grounds they are state actors.

### B.    Declaratory relief

In the Report and Recommendation, Magistrate Judge Blewitt recommends that the Court dismiss Plaintiff's request for a declaratory judgment that Defendants' conduct was unconstitutional.  (Doc. No. 20 at 13.)  In support, Magistrate Judge Blewitt reasons that because Plaintiff is unlikely to suffer harm in the future from Defendants, he lacks standing to obtain declaratory relief against Defendants.  (Id. (citing Blakeney v. Marisco, 340 F. App'x 778, 780 (3d Cir. 2009)).)  Plaintiff objects on the grounds that although he is unlikely to suffer a "similar form of harm directly from the defendants in this case," Plaintiff nonetheless stands to suffer future harm in his other pending cases.  (Doc. No. 27 at 6.)

The Court finds that the Report and Recommendation's conclusion is correct, and will thus dismiss Plaintiff's claim for declaratory relief against Defendants.  Although a Section 1983 plaintiff's allegations that he has suffered from unconstitutional practices may be sufficient to establish standing to sue for damages, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."  O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974) (citation and quotation marks omitted).  Instead, in order to obtain standing for prospective relief, the plaintiff must "establish a real and immediate threat" that he would again suffer the allegedly unconstitutional practice.[5]  Id.  Plaintiff admits in his brief that it is "unlikely" that he will suffer a similar form of harm from Defendants in the future.  (Doc. No. 27

---

[5] "It is axiomatic that in order to invoke the powers of a federal court, the plaintiff must show an injury to himself that is likely to be redressed by a favorable decision."  Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987).

at 6.)  Rather, Plaintiff appears to argue that a declaration that Defendants' conduct was unconstitutional will assist him in prevailing in his case.  (Id. at 7.)  Accordingly, the Court finds that Plaintiff has failed to articulate the "real and immediate threat" that he would again suffer from Defendants were the Court to deny his request for a declaratory judgment, and will therefore overrule Plaintiff's objections on this point.

### C.    Direct cause of action for money damages under the Pennsylvania Constitution

In his amended complaint, Plaintiff seeks monetary damages for claims that Defendants violated his right to privacy under Article 1, Section 8 of the Pennsylvania Constitution.[6]  (Doc. No. 10 ¶ 31.)  Citing Bowers v. City of Philadelphia, 2008 WL 5210256, at *8 (E.D.Pa. Dec. 12, 2008), Magistrate Judge Blewitt recommends that the Court dismiss Plaintiff's claims for monetary damages under the Pennsylvania Constitution, because no private cause of action for damages is available for such claims.  (Doc. No. 20 at 14.)  Plaintiff objects on the grounds that Defendants, as tortfeasors, should be held accountable for the damages Plaintiff suffered as a result of the alleged constitutional violations.  (Doc. No. 27 at 7.)

There is no ruling from the Pennsylvania Supreme Court on whether monetary damages are available for claims made pursuant to the Pennsylvania Constitution.  Jones v. City of Phila., 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006) ("To date, neither Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution.").  The Commonwealth Court of Pennsylvania, after careful

---

[6] "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant."  Pa. Const. Art. 1, § 8.

comparison with the Fourth Amendment to the United States Constitution, has held that

monetary damages are not available for violations of Article 1, Section 8 of the Pennsylvania

Constitution, the same provision under which Plaintiff asserts his claims.  Jones, 890 A.2d at

1215; see also Hall v. Raech, 2009 WL 811503, at *6 (E.D.Pa. March 25, 2009) (finding Jones

persuasive and holding that Section 8 of the Pennsylvania Constitution does not permit claims

for monetary damages).

 Accordingly, although it does not appear that the Pennsylvania Supreme Court has

resolved the broad question of whether a direct cause of action for monetary damages may exist

for claims made pursuant to the Commonwealth's constitution, see Aquino v. Cnty. of Monroe,

2007 WL 1544980, at *2 (M.D.Pa. May 24, 2007), it does appear that the Court may predict,

with reasonable certainty, that the Pennsylvania Supreme Court would adopt the reasoning of

Jones v. City of Philadelphia, and hold that monetary damages are not available for an alleged

violation of Section 8 of the Pennsylvania Constitution.  See Dilworth v. Metro. Life Ins. Co.,

418 F.3d 345, 349 (3d Cir. 2005).  Therefore, the Court will overrule Plaintiff's objections to

Magistrate Judge Blewitt's recommendation that Plaintiff's claims for monetary damages under

Article 1, Section 8 of the Pennsylvania Constitution be dismissed with prejudice.  In doing so,

the Court observes that it does not adopt the Report and Recommendation's reasoning, which

appears to broadly conclude that monetary damages are unavailable for claims made under the

Pennsylvania Constitution.[7]  (Doc. No. 20 at 15.)  Rather, the Court only adopts the conclusion,

---

 [7] Because the Court finds that the analysis in Jones suggests that damages may be
available for violations of the Pennsylvania Constitution when the state constitutional provision
affords rights greater than those existing under the federal constitution, the Court cannot accept
that Jones stands for the blanket proposition that the Pennsylvania Constitution does not provide
a direct right to damages.  See, e.g., Warren v. Twp. of Derry, 2007 WL 870115, at *12 (M.D.Pa.

which is that Plaintiff may not seek monetary damages for his claims made pursuant to Article 1, Section 8 of the Pennsylvania Constitution.

> **D.      Transfer of venue**

Magistrate Judge Blewitt also recommends that the Court transfer Plaintiff's case because venue is not proper in the Middle District of Pennsylvania.  (Doc. No. 20 at 15.)  Noting that the alleged illegal recordings were made in Westchester County, New York, and Plaintiff was arrested and prosecuted there, Magistrate Judge Blewitt reasons that Plaintiff's claims arose in the Southern District of New York and therefore should be transferred there.  (Id.)  Plaintiff objects to the change of venue on the following grounds: (1) Plaintiff was domiciled within Dunmore, Pennsylvania at the time of the alleged recordings and therefore a substantial part of the events giving rise to the claim occurred in the Middle District; (2) Pennsylvania has a stronger interest in trying this case; (3) Plaintiff's witnesses are located within the Middle District of Pennsylvania; and, (4) the Southern District of New York is congested.  (Doc. No. 27 at 9-11.)

To determine whether venue is proper in this case, the Court turns to the general venue provision, Section 1391, which provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all residents reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no judicial district in which the action may otherwise be brought.

_____

March 20, 2007) (declining to exercise supplemental jurisdiction over state constitutional claim for monetary damages because whether "a direct cause of action under the various provisions of the Pennsylvania Constitution exists remains unsettled.")

28 U.S.C. § 1391(b).

Venue may lie alternatively in either a district where defendant resides, if all defendants rises in the same state, or in a district where a substantial part of the events or omissions occurred.  Sections 1391(b)(1) and 1391(b)(2) do provide a plaintiff with a choice.  Most courts have "correctly interpreted the plain language of the statute – that these options are of equal dignity, and that neither is preferred."  See 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3804 (3d. ed. 2007).

The Court turns to whether venue is proper in the Middle District of Pennsylvania under Section 1391(b)(2)'s "substantial events and omissions" test.  Here, Defendants, operating in the Southern District of New York, recorded Plaintiff's telephone conversations in Dunmore, Pennsylvania.  Courts examining this question have generally concluded that venue is proper in the judicial district where the alleged wiretapping or recordings occurred.  See Brett v. Gertz, 2012 WL 4839006, at *5 (M.D.Pa. Sept. 12, 2012) (finding that defendants had "bugged" his home in Philadelphia, and thus the "events" had taken place in the Eastern District of Pennsylvania).  Accordingly, the Court agrees with Magistrate Judge Blewitt that venue is not proper in the Middle District of Pennsylvania on the grounds that Plaintiff livd in Dunmore, Pennsylvania at the time of the alleged recordings.

In light of this finding, the Court further finds that all parties should be put on notice that the case may be transferred on the grounds that venue is not proper in the Middle District of Pennsylvania.  In doing so, the Court relies on the principle that when a court has raised the issue of venue sua sponte, the better practice is to give the parties an opportunity to brief the transfer issue before entry of the transfer order.  See, e.g., Bank Express Int'l v. Kang, 265 F. Supp. 2d

497, 507 n.12 (E.D. Pa. 2003) ("Courts often give parties an opportunity to brief the transfer issue before entry of the transfer order."); <u>Library Publications, Inc. v. Heartland Samplers, Inc.,</u> 825 F. Supp. 701, 705 n.3 (E.D. Pa. 1993) ("The court can transfer without such motion, but must accord the parties the opportunity to brief the transfer issue.") (citing <u>Starnes v. McGuire,</u> 512 F.2d 918, 934 (D.C. Cir. 1974)).  Thus, the Court will defer adopting Magistrate Judge Blewitt's recommendation that this action should be transferred <u>sua</u> <u>sponte</u> to the Southern District of New York on the grounds that venue is not proper in the Middle District of Pennsylvania until both parties have had an opportunity to brief the issue.  <u>See</u> <u>id.</u>

IV.   **CONCLUSION**

The Court will adopt Magistrate Judge Blewitt's Report and Recommendation in part, and dismiss Plaintiff's claims for declaratory relief and his claims for monetary damages under Article 1, Section 8 of the Pennsylvania Constitution.  The Court will decline to dismiss Plaintiff's official capacity claims against New Castle Police Officers Corado, Vargas, and Wilson.  The Court will defer ruling on Magistrate Judge Blewitt's recommendation that the Court <u>sua</u> <u>sponte</u> transfer the case to the Southern District of New York until the parties have had an opportunity to submit briefing on the issue.  An order consistent with this memorandum follows.