**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KWOK SZE,                                :        CIVIL ACTION NO. **1:CV-12-0619**
                                         :
                    Plaintiff            :        (Judge Kane)
                                         :
                    v.                   :        (Magistrate Judge Blewitt)
                                         :
PUI-LING PANG a/k/a                      :
SHERRY PANG, *et al.*,                   :
                                         :
                    Defendants           :

**REPORT AND RECOMMENDATION**

**I.      Background.**

On April 4, 2012, Plaintiff, Kwok Sze, formerly an inmate at the Franklin Correctional Facility, Malone, New York ("FCF"), filed, *pro se*, a civil rights action with this Court, pursuant to 42 U.S.C. § 1983. (Doc. 1).   In his original Complaint, Plaintiff raised Fourth Amendment claims alleging that the sole Defendant, Piu-Ling Pang, a/k/a Sherry Pang, unlawfully recorded their conversations  between March 27, 2009 through March 31, 2009, while he was speaking to her on his telephone in his private office in Dunmore, Pennsylvania.  Plaintiff also raised a claim under the Federal Wiretapping Act, 18 U.S.C. §§2510-2520. Plaintiff stated that Defendant Pang resided at 60 Shingle House Road, Millwood, New York.  Plaintiff also stated that Defendant Pang's alleged conduct violated the Pennsylvania Constitution as well as Pennsylvania law, namely, 18 Pa.C.S. §§ 5703-5704.  Plaintiff averred that Defendant Pang violated his constitutional rights while she was acting in concert with the New Castle Police Department [located in Westchester County, New York] as an operative under color of state law and under ordinances of Westchester County [New

York] to deprive him of his right to privacy.  (*Id.*, p. 3).

   Thus, we construed Plaintiff as raising a conspiracy claim against Defendant Pang under 42 U.S.C. §1985(3).   It was not clear from his original Complaint if Plaintiff was referring to New Castle, Pennsylvania, which is in Lawrence County, Pennsylvania, and located in the Western District of Pennsylvania, or if he was referring to New Castle, New York, which in is Westchester, New York.   However, it became clear that Plaintiff was alleging that he was working in his private office in Dunmore, Pennsylvania, and using his office telephone when Defendant Pang unlawfully recorded him from  March 27, 2009 through March 31, 2009.  Also, it became  clear that the New Castle Police Department to which Plaintiff was referring was in  Westchester County, New York. Regardless of where Plaintiff's claims accrued, it was clear that they did not arise in the Middle District of Pennsylvania since Plaintiff phone conversations were allegedly recorded in Westchester County, New York, and since Defendant Pang was not located in the Middle District of Pennsylvania  during the relevant times of this case, *i.e.* March 27, 2009 through March 31, 2009. Thus, we found that venue was not proper in the Middle District of Pennsylvania.

   As relief in his original Complaint, Plaintiff requested compensatory damages, punitive damages and nominal damages.  (*Id.*, p. 4).

   Plaintiff also filed an *in forma pauperis* Motion on April 11, 2012.  (Doc. 4).  However, on April 13, 2012, Plaintiff paid the filing fee in full. (Doc. 5).   Thus, we recommended that Plaintiff's *in forma pauperis* Motion (Doc. 4) be denied as moot.

   Plaintiff's original Complaint was not  served on Defendant Pang.  Rather, we screened Plaintiff's original pleading (Doc. 1) as we were obliged to do under the Prison Litigation Reform

Act of 1995.   On April 25, 2012, we issued a Report and Recommendation ("R&R") and recommended that the Court dismiss Plaintiff's original Complaint (Doc. 1) with prejudice.  (Doc. 6).  We also recommended that the Court deny as moot  Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*  (Doc. 4).

In the alternative, we recommended that, for the convenience of the parties and in the interests of justice, Plaintiff's case as against Defendant Pang  be transferred to the District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1404(a).[1]

On May 15, 2012, Plaintiff filed Objections to our R&R and he filed an Amended Complaint.  (Docs. 9 & 10).

On June 7, 2012, the Court issued an Order adopting our R&R and dismissed Plaintiff 's original Complaint with prejudice.  (Doc. 11).

Plaintiff filed a timely Notice of appeal with the Third Circuit Court of Appeals on June 28, 2012.

On July 9, 2013, the Third Circuit issued its Judgment and vacated the June 7, 2012 Judgment of the District Court and remanded the case for further proceedings.  (Doc. 16).  The Third Circuit then issued its Mandate and Opinion on July 31, 2013.  (Docs. 18 & 18-2). The Third Circuit found that Plaintiff properly filed his Amended Complaint (Doc. 10), and that in his amended pleading he alleged the statute of limitations period should be tolled until November 15,

---

[1]We construed Plaintiff as alleging in his original Complaint that his claims arose in New Castle, Pennsylvania, which is in Lawrence County, Pennsylvania, and located in the Western District of Pennsylvania.   However, based on his Amended Complaint, it became clear that Plaintiff's claims against Defendants Pang and the New Castle Police officers arose in Westchester County, New York, and that his Defendants are all located there.

2011, when he averred the New Castle Police Department in New York sent him a letter and advised him "that none of the parties to the telephone conversations [from March 27, 2009 through March 31, 2009, between Plaintiff and Defendant Pang] had provided prior written consent for the recording[s]." (Doc. 18-1, p. 4).  Thus, the Third Circuit found that Plaintiff may have exercised due diligence regarding his Fourth Amendment claims and could not have reasonably learned that there was no consent for the stated telephone conversations until November 15, 2011. (*Id.*).  The Third Circuit also found that "[g]iven [Plaintiff's] allegation that he did not learn about the lack of consent until November 15, 2011, we cannot preclude the possibility that [Plaintiff] has raised a timely claim under the [Federal Wiretapping] Act." (*Id.*, p. 5).   The Third Circuit noted that the issues of whether Plaintiff had exercised due diligence and could not have reasonably learned of the alleged lack of consent regarding the telephone conversations until November 15, 2011, and whether Plaintiff was entitled to tolling of the applicable 2-year limitations periods regarding his constitutional claims and claims under the Wiretapping Act "necessarily entail[] fact-finding, which appropriately lies within the province of the District Court."  (*Id.*, p. 4).

Therefore, the Third Circuit concluded that "the District Court erred by sua sponte dismissing [Plaintiff's] Complaint, as it is unclear from the face of his Complaint as to whether his action is  barred by the applicable limitations periods [*i.e.*, 2- year limitations periods]." (*Id.*, p. 5)(citations omitted).

Notwithstanding the facts that on April 13, 2012, Plaintiff paid the filing fee in full in this case (Doc. 5) and that on June 7, 2012, the Court ordered Plaintiff's original *in forma pauperis* Motion (Doc. 4) be denied as moot, on July 19, 2013,  Plaintiff filed a second  *in forma pauperis*

Motion (Doc. 17).  Thus, we recommended that Plaintiff's second *in forma pauperis* Motion (Doc. 17) be denied as moot since he had already paid the full filing fee in this case.

On August 14, 2013, the District Court issued an Order and referred Plaintiff's case to the undersigned for all pre-trial matters.  (Doc. 19).

As mentioned, on May 15, 2012, Plaintiff Kwok Sze, currently an inmate at the Mid-State Correctional Facility, Marcy, New York ("MSCF"), filed an Amended Complaint in this civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 10).  We screened Plaintiff's amended pleading (Doc. 10) as we were obliged to do under the Prison Litigation Reform Act of 1995. On August 19, 2013, we issued a Report and Recommendation ("R&R") and recommended that Plaintiff's damages claims to the extent they were against any state actor Defendants in their official capacities be dismissed with prejudice. We recommended that Plaintiff's request for declaratory relief be dismissed from this case with prejudice.  We also recommended that all claims for damages that Plaintiff was making under the Pennsylvania Constitution should be dismissed with prejudice.

Additionally, we recommended, for the convenience of the parties and in the interests of justice,  that the Court transfer Plaintiff's case to the District Court for the Southern District of New York pursuant to 28 U.S.C. §1404(a).  (Doc. 20).

Plaintiff filed objections to our Doc. 20 R&R.  (Doc. 27).

On April 16, 2014, the Court issued a Memorandum and Order and adopted, in part, our Doc. 20 R&R.  (Docs. 31 & 32).   The Court dismissed with prejudice Plaintiff's claims for declaratory relief. The Court also dismissed with prejudice Plaintiff's claims for damages  under Article I, Section 8 of the Pennsylvania Constitution.  The Court deferred its decision on adopting

our recommendation that Plaintiff's case should be transferred to the District Court for the Southern District of New York, pursuant to 28 U.S.C. §1404(a), since venue is not proper in the Middle District of Pennsylvania, until both parties had the opportunity to brief this issue.  (Doc. 31, p. 10).

On April 17, 2014, we issued an Order directing the Clerk of Court to issue the Summons and directing Plaintiff to serve his Amended Complaint on the following four Defendants:  Pui-Ling Pang, a/k/a Sherry Pang, residing at 60 Shingle House Road, Millwood, New York; Detective Daniel Corado, a police officer with the New Castle Police Department ("NCPD"), Chappaqua, Westchester County, New York; Detective Sergeant James Wilson, a police officer with the NCPD; and Detective Noelle Vargas, a police officer with the NCPD.  (Doc. 33).  The Summons was then issued.  (Doc. 34).

Since no returns of service were filed by Plaintiff, we issued an Order on June 18, 2014, directing Plaintiff to file a status report regarding the service of Defendants with his Amended Complaint.  (Doc. 36).

 On June 25, 2014, counsel for Defendants Detective Daniel Corado, Detective Sergeant James Wilson, and Detective Noelle Vargas, filed Petitions for Special Admission to represent said Defendants in this case and we granted the Petitions.  (Docs. 37-40).  Subsequently, on August 4, 2014, the Waiver of Service was returned by Defendant Pui-Ling Pang, a/k/a Sherry Pang, and  on August 18, 2014, an entry of appearance was filed on behalf of Defendant Pui-Ling Pang, a/k/a Sherry Pang.  (Docs. 49 & 50).

On June 30, 2014, Plaintiff filed a letter in response to our June 18, 2014 Order and he averred, under penalty of perjury, that he mailed, *via* certified mail return receipt requested, all four

6

Defendants the Summons, his Amended Complaint as well as the Notice and Consent to the Jurisdiction of a Magistrate Judge, and that he received back four signed Return Receipts. (Doc. 41). Plaintiff attached copies of the signed Return Receipts to his letter. On June 30, 2014, Plaintiff also filed a Motion requesting the Court to declare that he had a "legally defined deadline" to serve Defendants with his Amended Complaint so that he would be permitted access to the prison law library. (Doc. 42). Plaintiff attached exhibits to his Doc. 42 Motion. We found that Plaintiff's Doc. 42 Motion was moot since we deemed him as timely complying with our April 17, 2014 Order directing Plaintiff to serve his Amended Complaint on the Defendants.

Since we found that Plaintiff had served the four Defendants with his Amended Complaint and since Defendants had not yet responded to Plaintiff's pleading, we directed the parties to file briefs on whether Plaintiff's case should be transferred to the District Court for the Southern District of New York, pursuant to 28 U.S.C. §1404(a). As mentioned, in its April 16, 2014 Memorandum, the Court deferred its decision on adopting our recommendation that Plaintiff's case should be transferred to the District Court for the Southern District of New York, until the parties had the opportunity to brief this issue. (Doc. 31, p. 10).

Thus, on July 3, 2014, we issued an Order directing the parties to file briefs on whether Plaintiff's case should be transferred to the District Court for the Southern District of New York, pursuant to 28 U.S.C. §1404(a), since venue is not proper in the Middle District of Pennsylvania. We directed that the briefs of the parties were due on August 4, 2014.[2]

---

[2]As Plaintiff requested, we set a specific date for the briefs of the parties so that Plaintiff would be permitted access to the prison law library.

7

On July 10, 2014, Defendants  Detective Daniel Corado, Detective Sergeant James Wilson, and Detective Noelle Vargas filed their brief in support of change of venue to the District Court for the Southern District of New York, White Plains Division.  (Doc. 44).  After being granted an extension of time, Plaintiff filed his brief in opposition to a change of venue on September 2, 2014. (Doc. 51).  To date, Defendant Pui-Ling Pang, a/k/a Sherry Pang, has not filed a brief regarding the change of venue issue and the time to file said brief has lapsed.

As mentioned, Defendants had not yet responded to Plaintiff's Amended Complaint since we ordered briefs on the change of venue issue.  We now consider whether Plaintiff's case should be transferred to the District Court for the Southern District of New York, White Plains Division.

## II.    Discussion.

In his 6-page typed Amended Complaint, Plaintiff names the following as Defendants: Pui-Ling Pang, a/k/a Sherry Pang, residing at 60 Shingle House Road, Millwood, New York; Detective Corado, a police officer with the New Castle Police Department ("NCPD"), Chappaqua, Westchester County, New York; Detective Sergeant Wilson, a police officer with the NCPD; Detective Noelle Vargas, a police officer with the NCPD.   (Doc. 10, pp. 1-2).  We shall refer to Defendants Corado, Wilson and Vargas as the "NCPD Defendants."  Plaintiff sues the three NCPD Defendants in both their individual and official capacities.  Plaintiff also attached Exhibits, Exs. B-G, to his Amended Complaint.

Plaintiff avers that he was living and working in Dunmore, PA, when the illegal recordings of his telephone conversations with Defendant Pang occurred between March 27, 2009 through March 31, 2009.  Plaintiff also avers that his telephone conversations with Defendant Pang were

recorded without a warrant and without judicial supervision, and that the recordings were made by the officers of NCPD in Westchester County, New York, knowing that he did not consent to the recordings.  Plaintiff states that Defendant Pang acted as a "police agent" and at the direction of the NCPD during the telephone conversations and interrogated him by using lies and deception as well as the "sexual relationship between Plaintiff and Pang."  (Doc. 10, pp. 2-3).

Plaintiff alleges the NCPD and its Defendant officers then used the information they gathered against him from the illegal telephone recordings to establish probable cause to arrest him and prosecute him in Westchester County, New York.  It also appears from Plaintiff's Exhibits that he was arrested on April 14, 2009, and that he was convicted of the criminal charges filed against him by officers of the NCPD in Westchester County, New York. (*See* Doc. 10, Exs. D & E).  As stated, Plaintiff is currently confined in MSCF, Marcy, New York, and it appears that he is serving a sentence imposed after his New York State conviction in Westchester County, New York.  Plaintiff alleges that the conduct of the NCPD Defendants by illegally recording his telephone conversations with Defendant Pang, from March 27, 2009 through March 31, 2009, without a warrant and without consent and, then by using the information to arrest and prosecute him violated his constitutional rights under both the U.S. Constitution and the Pennsylvania Constitution. (*Id.*, pp. 2-3).   Plaintiff further alleges violations of the Federal Wiretapping Act.

Plaintiff also alleges that the statute of limitations regarding his claims should be tolled until November 15, 2011, when the NCPD Defendants first represented to him that there was no written consent for the recorded telephone conversations between Plaintiff and Defendant Pang. Specifically, in his amended pleading, Plaintiff alleges "[i]t is not until Nov[ember] 15, 2011, that

a letter from the [New Castle Police Department in New York sent to him] stat[ed] that there was no written prior consent for March 30, 2009, and March 31, 2009, from any one of the parties in the [telephone] conversations [between Plaintiff and Defendant Pang], then Plaintiff discovered the illegality of the recordings, the first reasonable opportunity, despite his diligent effect (sic)." (Doc. 10, p. 5). Plaintiff further avers that the NCPD Defendants violated his rights since they used illegally obtained evidence against him to establish probable cause to arrest and prosecute him Westchester County, New York, and since they told him that the recordings were legally obtained when in fact they were not.

Plaintiff states that he has been incarcerated since August 11, 2009, and that many of his constitutional rights were violated during his confinement in the Franklin Correctional Facility by correctional officers which further delayed his discovery that his telephone conversations were illegally recorded by the NCPD Defendants.[3]  (Doc. 10, p. 5).

As relief in his Amended Complaint Plaintiff seeks compensatory, punitive and nominal damages against Defendants for the alleged violations of his Fourth Amendment rights and for violation of the Wiretapping Act.  Plaintiff also requested declaratory judgment that the March 30 and 31, 2009 alleged conduct of Defendants was illegal. (Doc. 10, p. 6).  As stated, the Court dismissed with prejudice Plaintiff's claims for declaratory relief as well as Plaintiff's claims for

---

[3]As the Third Circuit noted in its Opinion in this case, Plaintiff must file civil rights action alleging violations of his constitutional rights which occurred at the Franklin Correctional Facility in the appropriate district court.  (Doc. 18-2, p. 6 n. 5).  Also, as we previously pointed out, Plaintiff first exhaust all of his administrative remedies at Franklin Correctional Facility before he files a civil rights action. *See Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

damages under the Pennsylvania Constitution.

We now consider whether Plaintiff's case should be transferred to the District Court for the Southern District of New York, White Plains Division, pursuant to 28 U.S.C. §1404(a).

The NCPD Defendants argue that venue of Plaintiff's action is not proper in the Middle District of Pennsylvania. The NCPD Defendants state that there is no dispute that the relevant recordings were made in New York and that the events for which Plaintiff was prosecuted occurred in New York.  The NCPD Defendants point out that the recordings which Plaintiff alleges violated his constitutional rights were used in his prosecution in New York by the District Attorney for Westchester County, New York. Plaintiff's Exhibit E attached to his Amended Complaint shows that he was arrested in New York, on April 14, 2009, and Plaintiff avers that he has been incarcerated in New York since August 11, 2009.  (Doc. 10, p. 5, ¶ 27). Defendants state that Plaintiff was convicted in Westchester County, New York, and is currently serving his Westchester County sentence in New York State prison.

Plaintiff opposes the transfer of his case and he argues that this Court would be acting contrary to the Third Circuit's mandate issued in this case to conduct a fact-finding inquiry as to whether the 2-year statute of limitations periods should be tolled regarding Plaintiff 's constitutional claims and his claims under the Federal Wiretapping Act.  In its July 9, 2013 Opinion, the Third Circuit stated that the issues of whether Plaintiff had exercised due diligence and could not have reasonably learned of the alleged lack of consent regarding the telephone conversations until November 15, 2011, and whether Plaintiff was entitled to tolling of the applicable 2-year limitations periods regarding both his constitutional claims and claims under the Wiretapping Act "necessarily

entail[] fact-finding, which appropriately lies within the province of the District Court." (Doc. 18-2, p. 4). Plaintiff points out that the Third Circuit specifically relied upon Pennsylvania's law under 42 PA. Cons. Stat. §5524(2), in finding that his constitutional claims were governed by a 2-year statute of limitations period since the alleged illegal recordings occurred in Dunmore, PA.   In fact, as Plaintiff points out in his Doc. 51 brief, the Third Circuit stated that it disagreed with him "that the District Court should have applied New York's three-year statute of limitations."[4]   (*Id*., p. 3).   The Third Circuit also relied upon Pennsylvania's law regarding the issue of whether the limitations period should be tolled, namely, the discovery rule.   (*Id*.).

While there is no question that Pennsylvania law regarding its 2-year statute of limitations period for a §1983 civil rights action as well as its discovery rule must be applied in this case, this alone does not preclude the transfer of Plaintiff's case to the Southern District of New York.[5]

---

[4]In Pennsylvania, there is a 2-year limitations period regarding Plaintiff's constitutional claims brought in a §1983 civil rights action. *See Chester v. Beard*, 657 F.Supp.2d 534, 540 (M.D.Pa. 2009)(citations omitted). However, in New York, the statute of limitations for personal injury actions is three years and thus,  there is a 3-year limitations period for constitutional claims brought in a §1983 civil rights action.  *See Moses v. Westchester County Dept. of Corrections*, 951 F.Supp.2d 448, 453 (S.D.N.Y. 2013)(citations omitted).  Plaintiff signed his original Complaint on March 25, 2012.  (Doc. 1, p.   4).  Under the prison mailbox rule, Plaintiff's original Complaint is considered filed on March 25, 2012.

In the present case, Plaintiff alleges that the conduct of the NCPD Defendants by illegally recording his telephone conversations with Defendant Pang, from March 27, 2009 through March 31, 2009, without a warrant and without consent and, then by using the information to arrest and prosecute him violated his constitutional rights.  As such, if New York's 3-year limitations period for constitutional claims brought in a §1983 civil rights action was utilized and Plaintiff had until March 31, 2012, to file his constitutional claims, then Plaintiff's original Complaint was timely filed on March 25, 2012, and there would be no need to decide if Plaintiff was entitled to tolling of the applicable limitations period regarding his constitutional claims.

[5]There is a 2-year statute of limitations period in any District Court regarding Plaintiff 's claims under the Federal Wiretapping Act. As the Third Circuit stated in the instant case, "[c]ivil

Further, if required, the  District Court for the Southern District of New York could conduct a fact-finding inquiry as to whether the 2-year statute of limitations periods should be tolled regarding Plaintiff's constitutional claims and his claims under the Federal Wiretapping Act.  Indeed, in both the Second Circuit and the Third Circuit, the statute of limitations is an affirmative defense and Defendants must raise it.  Also, in both Circuits, Defendants bear the burden of proving that the statute of limitations has expired.  *See Chester v. Beard*, 657 F.Supp.2d 534, 540 (M.D.Pa. 2009)(citations omitted); *Smith v. City of New York*, 2013 WL 6095458, *3, –F.Supp.2d– (S.D.N.Y. Nov. 20, 2013)(citations omitted).   Further, in both Circuits, the statute of limitations defense can be raised in a Rule 12(b)(6) motion to dismiss at the pleading stage if it is apparent on the face of the Complaint that the action is time barred.  However, if it is not apparent on the face of the Complaint, then the statute of limitations defense can be raised at a later stage of the case in a Rule 56 summary judgment motion.  *Chester v. Beard*, 657 F.Supp.2d 540(citations omitted); *Smith v. City of New York*, 2013 WL 6095458, *3(citations omitted).

As indicated above, Defendants have not yet responded to Plaintiff 's Amended Complaint. Specifically, no Defendant has filed an Answer to Plaintiff's Amended Complaint and no Defendant has filed a motion to dismiss Plaintiff's Amended Complaint based on the statute of limitations. As mentioned, in both the Second and the Third Circuits, at the Complaint stage, dismissing claims on the statute of limitations grounds is appropriate only if a Complaint clearly shows the claim is out of time.  *Chester v. Beard*, 657 F.Supp.2d 540(citations omitted); *Smith v. City of New York*,

---

actions under the [Federal Wiretapping] Act are also subject to a two-year limitations period, which begins running 'two years after the date upon which the claimant first has a reasonable opportunity to discover the violation.'  18 U.S.C. §2520(e)." (Doc. 18-2, p. 5).

2013 WL 6095458, *3(citations omitted). In the instant case, the Third Circuit has already held that it was **not** apparent on the face of Plaintiff's Amended Complaint that the statute of limitations regarding both of Plaintiff 's claims expired. (*See* Doc. 18-2).  As such, it is premature for any District Court to conduct a fact-finding inquiry as to whether the 2-year statute of limitations periods should be tolled regarding Plaintiff's constitutional claims and his claims under the Federal Wiretapping Act.   In fact, as stated, the statute of limitations defense has not been raised by any Defendant and, at the present stage of this case, it would not be appropriate to raise this defense. Thus, we fail to see how a transfer of this case would be violating the Third Circuit's mandate issued in this case as Plaintiff contends.

     As mentioned, the alleged unconstitutional conduct did not occur in  the Middle District of Pennsylvania and the Defendants were not located in  the Middle District of Pennsylvania during the relevant times of this case, *i.e,* late March 2009.  As the NCPD Defendants state, even though Plaintiff alleges that he was living and working in Dunmore, PA, when the illegal recordings were made, which is in the Middle District of Pennsylvania, it is clear from his Amended Complaint that Defendant Pang and the NCPD Defendants were all located in Westchester County, New York, and that the conversation were actually recorded in Westchester County, New York. Further, Plaintiff avers that the NCPD Defendants then used the evidence which they illegally obtained against him from recording his telephone conversations with Defendant Pang to arrest him in April 2009, and to prosecute him in Westchester County, New York.  In fact, as the NCPD Defendants state, and as Plaintiff's own Exhibits submitted with his Amended Complaint show, all of the documents and records regarding the recordings, as well as all of the records regarding his criminal prosecution, are

14

located in Westchester County, New York. Additionally, the evidence regarding whether Plaintiff is entitled to tolling of the applicable 2-year limitations periods regarding his constitutional claims and claims under the Wiretapping Act is located in Westchester County, New York.

Indeed, all of the pertinent documents and witnesses (except one possible witness, Plaintiff's secretary) regarding Plaintiff's present claims are located in  Westchester County, New York. Additionally, as stated, Defendants are all located in Westchester County, New York, and Plaintiff has been located in New York since August 11, 2009.  Thus, we agree with the NCPD Defendants that "[t]he convenience, and cost, to the State of New York in transporting Plaintiff within the state for any necessary court appearances should not be discounted." (Doc. 44, p. 5).

Moreover, as the Third Circuit Court pointed out in this case, the tolling of the statute of limitations regarding Plaintiff's constitutional claims and his Wiretap Act claims is a factual question for the District Court to decide.  (Doc. 18-2, p. 4). As mentioned, Plaintiff relies upon the alleged November 15, 2011 letter NCPD Defendants sent him advising him that there was no written prior consent by the parties to the March 30 and 31, 2009 telephone conversations as the basis to toll the statute of limitations with respect to his claims.  As the Third Circuit noted, Plaintiff did not submit this November 15, 2011 letter with his Amended Complaint.  Regardless, we agree with the NCPD Defendants (Doc. 44, p. 5) and find that the District Court in the Southern District of New York is the proper Court to conduct any factual inquiry regarding all issues in this case, including the tolling issue, since all of the alleged conduct occurred in that District and all of the records are located there.  Also, as discussed, it is premature at this stage of the case for any district court to conduct a factual inquiry regarding the statute of limitations issue and the tolling issue.

15

Thus, the only connection which the Middle District of Pennsylvania had with Plaintiff's claims is that Plaintiff was in Dunmore when his telephone conversations with Defendant Pang were recorded by the NCPD Defendants in Westchester County, New York, in order to prosecute Plaintiff in Westchester County, New York. Therefore, we find that all of Plaintiff's claims arose in the Southern District of New York,  and all Defendants were located in the Southern District New York during the relevant times.  As such, we agree with the NCPD Defendants that this Court should transfer Plaintiff's case with respect to all of his claims against Defendants to the Southern District of New York, white Plains Division, since this is the more  convenient forum pursuant to 28 U.S.C. §1404(a).

A  court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought.  28 U.S.C. §1404(a).  Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action  may otherwise be brought.

*See also Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3; *Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10 Memorandum.

In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:

> It is well settled that a court may transfer any civil action for the

16

convenience of the parties or witnesses, or in the interest of justice,
to any district where the action might have been brought. 28 U.S.C.
§ 1404(a). The United States Supreme Court in *Hoffman v. Blaski,*
363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized
that under § 1404(a), a civil action may be transferred by a district court
to another district court where that action may have been
brought by the plaintiff.

In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:

"the purpose of [§ 1404(a) ] is to prevent the waste of time, energy, and money
and to protect litigants, witnesses and the public against unnecessary inconvenience
and expense." *Id.* (internal quotations omitted). Although the court has discretion
to transfer venue, "a motion to transfer is not to be liberally granted."
*Measurement Specialties, Inc. v. Stayhealthy.com,* 275 F. Supp.2d 638, 640
(E.D. Pa. 2003)."
The *Brown* Court stated that courts generally consider the following factors in deciding

whether to transfer a case to another district:

(1) the plaintiff's choice of forum; (2) the defendant's preference;
(3) where the claim arose; (4) the convenience of the parties;
(4) (sic) the convenience of the witnesses, but only to the extent that
the witnesses may actually be unavailable for trial in one of the fora;
(5) the location of books and records, similarly limited to the extent
that the files could not be produced in the alternative forum;
(6) the enforceability of the judgment; (7) practical considerations that
could make the trial easy, expeditious, or inexpensive; (8) the
relative court congestion in the competing courts; (9) the local interest
in deciding local controversies at home; (10) the public policies of
the fora; (11) and the familiarity of the trial judge with the applicable
state law.

*Id*. at *2(citation omitted); *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995).[6]

We agree with the NCPD Defendants and find that, based on the above analysis of the

relevant factors as they pertain to Plaintiff's claims against Defendant Pang and the NCPD

---

[6]The quote from *Brown* contained two factors number (4).

Defendants, they weigh in favor of transferring Plaintiff's case to the District Court for the Southern District of New York, White Plains Division. Significantly, as stated, we find that all of the alleged conduct giving rise to Plaintiff's claims against Defendants occurred in Westchester County, New York, which is located in the Southern District of New York, and that all of the Defendants are located in the Southern District of New York. *See Paul Green Sch. of Rock Music Franchising, LLC v. Rock Nation*, 2009 WL 129740 (E.D. Pa.). As mentioned, Plaintiff himself is no longer in the Middle District of Pennsylvania and he has been confined in New York State prisons since August 11, 2009. (*See* Doc. 10, p. 5, ¶ 27). Thus, none of the parties, none of the witnesses, except for one possible witness, Plaintiff's secretary, and none of the records regarding Plaintiff's claims are located in the Middle District of Pennsylvania. Nor are any witnesses or documents regarding the issue of whether the statute of limitations should be tolled located in the Middle District of Pennsylvania. Also, all of the pertinent events complained of occurred in Westchester County, New York, including Plaintiff 's arrest and criminal prosecution, which is located in the Southern District of New York, and the records and documents regarding Plaintiff's constitutional claims and Federal Wiretapping Act claims against Defendants should heard be in the Southern District of New York, White Plains Division.

Therefore, we find that, for the convenience of the parties, including Plaintiff himself, and in the interests of justice, Plaintiff's case as against Defendant Pang and the NCPD Defendants should be transferred to the District Court for the Southern District of New York, White Plains Division, the proper forum. *See Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3 citing *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St.*

*Riel*, 495 F. 3d 72 (3d Cir. 2007).

## II.      Recommendation.

Based on the above, it is respectfully recommended that the Court, for the convenience of the parties and in the interests of justice, transfer Plaintiff's case to the District Court for the Southern District of New York, White Plains Division, pursuant to 28 U.S.C. §1404(a).

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 4, 2014**

19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KWOK SZE,                          :          CIVIL ACTION NO. **1:CV-12-0619**
                                   :
              Plaintiff            :          (Chief Judge Kane)
                                   :
              v.                   :          (Magistrate Judge Blewitt)
                                   :
PUI-LING PANG a/k/a                :
SHERRY PANG, *et al.*,             :
                                   :
              Defendants           :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **September 4, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

 

 

_____  **s/ Thomas M. Blewitt**
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**

**Dated: September 4, 2014**