IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KWOK SZE,     Plaintiff | : | No. 1:12-cv-00619 |
| vs. | : | (Judge Kane) |
| PUI-LING PANG, et al.,     Defendants | : | (Magistrate Judge Blewitt) |

## MEMORANDUM

Before the Court is the Report and Recommendation of Magistrate Judge Blewitt in which he recommends that the Court transfer the above-captioned matter to the United States District Court for the Southern District of New York. (Doc. No. 52.) After the Court granted several extensions, Plaintiff filed objections and a supporting memorandum on December 8, 2014. (Doc. Nos. 68, 69.) For the reasons that follow, the Court will adopt Magistrate Judge Blewitt's Report and Recommendation and transfer this action to the United States District Court for the Southern District of New York.

## I.   BACKGROUND

This case concerns allegedly illegal wiretapping of Plaintiff's Pennsylvania telephone ordered by a police department in Westchester County, New York. (Doc. No. 52 at 1.) Plaintiff, incarcerated in New York state prison serving a term imposed by a New York state court, initiated the above-captioned action in this district on April 4, 2012. (Doc. No. 1.) In its amended form, the complaint raises claims under Pennsylvania's constitution and wiretapping law and their federal equivalents.[1] (Doc. No. 10 at 5-6.) Plaintiff seeks monetary damages from

---

[1] Some of these claims have already been dismissed. (Doc. No. 32.)

1

both a New York resident who allegedly recorded Plaintiff's March 2009 telephone conversations without his consent and law enforcement professionals from New Castle, New York who allegedly commissioned the wiretap. (Id. at 1-4.) Plaintiff was living and working in Dunmore, Pennsylvania at the time that he claims the recordings were made. (Id. at 2.)

On April 25, 2012, Magistrate Judge Blewitt issued a Report and Recommendation recommending that the Court dismiss the entire complaint as time-barred, or in the alternative, that the Court transfer this action to a more convenient venue.[2] (Doc. No. 6 at 11, 13.) On June 7, 2012, the Court adopted Magistrate Judge Blewitt's recommendation, dismissing the entire action with prejudice as time-barred without addressing the alternative recommendation to transfer. (Doc. No. 11.) On July 31, 2013, the United States Court of Appeals for the Third Circuit vacated this Court's previous order dismissing Plaintiff's entire complaint as time-barred. (Doc. No. 18.) The Third Circuit observed that Plaintiff's claims could be timely if the limitations period were deemed tolled, or if the discovery rule was found to apply. (Doc. No. 18-2 at 4-5) ("[W]e cannot preclude the possibility that [Plaintiff] has raised a timely claim under the Act.") The Third Circuit remanded for further proceedings, noting that the tolling inquiry necessitates fact finding. (Id. at 4.)

After remand, Magistrate Judge Blewitt issued another Report and Recommendation on August 19, 2013, recommending that the Court dismiss parts of Plaintiff's amended complaint on separate grounds and again recommending transfer to a different venue. (Doc. No. 20.) The

---

[2] Magistrate Judge Blewitt initially recommended transfer to the Western District of Pennsylvania, because the complaint's mention of the New Castle Police Department included no state or specific location, and because New Castle, Pennsylvania is located in the Western District. (See Doc. No. 31 at 2 n.2.) It is now clear that the relevant police department is that of New Castle, New York. (See id. at 2-3.)

Court adopted Magistrate Judge Blewitt's Report and Recommendation in part, dismissing parts of Plaintiff's complaint. (Doc. No. 31 at 8-10.) The Court also ordered the parties to brief the issue of venue:

> "[T]he Court further finds that all parties should be put on notice that the case may be transferred on the grounds that venue is not proper in the Middle District of Pennsylvania. In doing so, the Court relies on the principle that when a court has raised the issue of venue sua sponte, the better practice is to give the parties an opportunity to brief the transfer issue before entry of the transfer order."

(Doc. No. 31 at 9) (internal citations omitted). After the parties briefed the question of venue (Doc. Nos. 44, 51), Magistrate Judge Blewitt issued another Report and Recommendation on September 4, 2014, recommending yet again that the Court transfer this action to the United States District Court for the Southern District of New York. (Doc. No. 52.)

## II. DISCUSSION

Magistrate Judge Blewitt applied 28 U.S.C. § 1404(a), and he recommends transfer to the Southern District of New York "for the convenience of the parties or witnesses, or in the interests of justice." (Doc. No. 52 at 16.) Magistrate Judge Blewitt observes that the alleged wiretapping occurred in the Southern District of New York, that Defendants all reside in that district, that Plaintiff was tried and convicted in New York state court and remains incarcerated in New York state prison, and that most (if not all) of the evidence in this case is in the Southern District of New York. (Doc. No. 52 at 18.) According to Magistrate Judge Blewitt, this action's only connections to the Middle District of Pennsylvania are the residence of Plaintiff's former secretary who may be serve as a witness and Plaintiff's presence and employment here when the alleged recordings occurred. (Id.) Plaintiff objects to the transfer recommendation, arguing that

transfer would be contrary to the Third Circuit's earlier mandate in this case.[3]  (Doc. No. 68 at 1.)

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.  Pursuant to Section 1404(a), a district court may transfer any civil action to another district court where the action might have been filed, "[f]or the convenience of the parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  Such a transfer is appropriate to any district where the action may have properly been initiated.  Id.  Pursuant to 28 U.S.C. § 1391, the federal venue statute, civil cases may be brought only in judicial districts where: (1) any defendant resides, if that judicial district is in a state where all defendants reside; (2) a substantial part of the events or omissions upon which the claim is based occurred; (3) a substantial part of property subject to a

---

[3] Plaintiff also objects "to that portion of the Report which suggests or infers that Venue is not proper in Pennsylvania," and "that portion of the Report which suggests or infers that Pennsylvania law is not the controlling law in this case." (Doc. No. 68 at 1.)  However, Magistrate Judge Blewitt has recommended transfer under 28 U.S.C. § 1404(a) in the interest of justice; his recommendation rests on the conclusion that venue is more appropriate in the Southern District of New York, not that venue would be improper here, although that may also be the case.  (See Doc. No. 52 at 16-18.)  Magistrate Judge Blewitt conducts no inquiry under the section that speaks to the propriety of a venue, 28 U.S.C. § 1391.  The Court need not answer the question of propriety of venue, because the convenience and appropriateness of the alternative district are more than sufficient to warrant transfer.  In addition, Plaintiff appears to have conflated the distinct questions of venue and choice of law: "The Third Circuit established that jurisdiction and venue were proper by noting that Pennsylvania law should be controlling." (Doc. No. 69 at 5.)  The transferee court will have no difficulty applying Pennsylvania law where it controls.

lawsuit can be found; or (4) in any district where a defendant can be brought under the personal jurisdiction of the court, but only if no district would otherwise provide a proper venue. 28 U.S.C. § 1391(b). Transfers under Section 1404(a) are "discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in [a] correct forum." Lafferty v. St. Riel, 495 F.3d 72, 76 (3d Cir. 2007).

The United States Court of Appeals for the Third Circuit, noting that district courts should not "limit[] their consideration to the three enumerated factors in § 1404(a)," has outlined private and public factors for courts to consider when determining whether to transfer an action. Id. The relevant private factors include: (1) each party's forum preference; (2) where the claims arose; (3) the convenience of the parties as indicated by their relative physical and financial conditions; (4) the convenience of the witnesses; and (5) the location of books and records. Id. Relevant public factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id.

The question of venue has been repeatedly considered and debated in the present action, from Magistrate Judge Blewitt's initial sua sponte recommendation to transfer to Plaintiff's objections to Magistrate Judge Blewitt's most recent recommendation. The Court has previously reasoned that a transfer in venue was appropriate (Doc. No. 31 at 9-10), and there is no doubt, given the residences of the Defendants and the location of the underlying occurrences, that under 28 U.S.C. § 1391, this case could have been brought in the Southern District of New York, so the

prerequisite for a 28 U.S.C. § 1404 transfer has been met. (Doc No. 10 at 1-3.) Weighing the Third Circuit factors also counsels in favor of transfer, because the case's only connections with this district are the possible residence of one witness here and the fact that Plaintiff lived and worked here in 2009. All records are located in the Southern District of New York, the claims arose in New York, all parties (including Plaintiff) reside in New York, and a local police department in the Southern District of New York may be held liable. In addition, "Courts examining [venue in wiretapping cases] have generally concluded that venue is proper in the judicial district where the alleged wiretapping or recordings occurred." (Doc. No. 31 at 9) (citing <u>Brett v. Gertz</u>, 2012 WL 4839006, at *5 (M.D. Pa. Sept. 12, 2012)). Here, the recordings were made in New York in connection with pending New York state criminal charges. While the Court is cognizant that this case has been in this district for more than two years, the Court finds that the interests of justice and the convenience of the parties are still best served by transferring this action to the United States District Court for the Southern District of New York.

Plaintiff's objections are grounded in a fear that he will lose substantive rights afforded to him by Pennsylvania law after a transfer. (<u>See e.g.</u>, Doc. No. 69 at 1) ("The Commonwealth of Pennsylvania offers more Right to Privacy protection as delineated under the Pennsylvania Wire Tapping Act . . . than the State of New York, or the Constitution of the United States [offers.]" ). Plaintiff's fears are unjustified. New York federal courts will apply Pennsylvania substantive law where it applies. Stated differently, Plaintiff will be entitled to the same protections of applicable law in the federal courts of New York as he would be here in the Middle District of Pennsylvania.

**III. CONCLUSION**

For the foregoing reasons, the Court will adopt Magistrate Judge Blewitt's Report and Recommendation, overrule Plaintiff's objections, and direct the Clerk of Court to transfer this action to the United States District Court for the Southern District of New York. An order consistent with this memorandum follows.